ARC ELECTRICAL CONSTRUCTION CO., INC., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
ARC Elec. Constr. Co. v. Commissioner
Docket No. 11567-92
United States Tax Court
T.C. Memo 1994-176; 1994 Tax Ct. Memo LEXIS 170; 67 T.C.M. (CCH) 2727; April 19, 1994, Filed *170 Decision will be entered under Rule 155. Held: Petitioner is liable for additions to tax for fraud under sec. 6653(b) for its 1978 and 1979 taxable years. For petitioner: Paul Friedman, and Lucille Girard (specially recognized).
For respondent: Carmen M. Baerga and Victoria J. Kanrek. LARO
LARO
MEMORANDUM OPINION LARO, Judge: This case is before the Court on a fully stipulated basis under Rule 122. [1] Arc Electrical Construction Co., Inc. (petitioner), petitioned the Court for redetermination of respondent's determinations reflected in her notice of deficiency. Respondent determined an overassessment of, and additions to, petitioner's Federal income tax as follows: Addition to Tax
Year
Overassessment
Sec. 6653(b) 1978
-- $ 141,037
1979
($ 4,137)
814,722
1980
-- -- Following concessions by the parties, *171 the issues for decision are: [2]
(1) Whether petitioner is liable for additions to tax for fraud under section 6653(b) for its 1978 and 1979 taxable years. We hold that petitioner is so liable. (2) Whether petitioner's argument, and the Court's finding, in a previous case that an embezzlement loss was suffered by petitioner in 1980 serve to judicially estop petitioner from making an inconsistent argument in the proceeding at hand. We hold they do. (3) Whether the additions to tax for fraud under section 6653(b) for petitioner's 1978 and 1979 taxable years can be reduced as a result of a carryback of the embezzlement loss from petitioner's 1980 taxable year. We hold that they cannot. Background
All of the facts have been stipulated, and are so found. The facts contained in the stipulations and attached exhibits are incorporated herein *172 by this reference. When the petition was filed, petitioner's principal office was located in New York, New York. Petitioner is a closely held corporation that was incorporated under the laws of the State of New York in 1921. During the years in issue, petitioner was an electrical contractor involved in new construction, major renovations, and service work. Respondent disallowed petitioner's claims for costs of goods sold of $ 949,119 and $ 3,339,179 for its 1978 and 1979 taxable years, respectively, and determined that petitioner was liable for additions to tax for fraud for those years. Respondent also determined that petitioner suffered an embezzlement loss of $ 6 million in 1980, that this loss should be carried back to 1978 and 1979, and that this carryback did not affect her imposition of the 1978 and 1979 additions to tax for fraud under section 6653(b). Petitioner agrees with respondent's determinations concerning its 1978 and 1979 costs of goods sold. In addition, petitioner concedes that portions of its underpayments for 1978 and 1979 are attributable to fraud. Petitioner disputes respondent's determination that it suffered its embezzlement loss in 1980. Petitioner *173 also argues that the underpayments for 1978 and 1979 were not solely attributable to fraud. Whether Petitioner Is Liable for Additions to Tax for Fraud Under Section 6653(b)
Respondent must prove by clear and convincing evidence that petitioner is liable for additions to tax for fraud. Sec. 7454(a); Rule 142(b); see also , affd. . As applicable to petitioner's 1978 and 1979 taxable years, section 6653(b) provides: "If any part of any underpayment * * * of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 50 percent of the underpayment." Thus, petitioner is liable for an addition to tax for fraud under section 6653(b) if: (1) Petitioner underpaid its taxes for each year in issue, and (2) some part of each underpayment was due to fraud. Secs. 6211, 6653(b) and (c)(1); see also . In this regard, petitioner acknowledges that both requirements have been met. Accordingly, we sustain respondent's determination of fraud. *174 Petitioner argues, however, that a portion of the underpayment for each year is not attributable to fraud and that no addition to tax for fraud may be imposed on that portion. This argument rests on petitioner's novel theory that section 6663(b) in effect for the 1989 taxable year preempts the operation of section 6653(b) as in effect for the 1978 and 1979 taxable years here involved. Under section 6663 as in effect for 1989, an addition to tax (of 75 percent) is imposed only on the portion of the underpayment which is attributable to fraud. In support of its argument, petitioner refers us to the language of the House report on section 7721(d) of the Omnibus Budget Reconciliation Act of 1989 (OBRA), Pub. L. 101-239, 103 Stat. 2106, 2400 (effective date for revisions to the accuracy-related penalties). In relevant part, this report, H. Rept. 101-247, at 1394 (1989), states that "The accuracy provisions of the bill generally apply to returns the due date for which * * * is after December 31, 1989." (Emphasis added). In attempting to stretch this language to its extreme, petitioner claims that the word "generally" permits the retroactive application of section 6663(b) to any *175 year not barred by the period of limitations under section 6501. Petitioner's argument concerning the effective date of section 6663(b) is unconvincing. The version of the bill that was enacted by Congress, section 7721(d) of OBRA, does not contain the word "generally". [3] It is well settled that where the terms of a statute are clear, the meaning is to be drawn from the statute. . Accordingly, based on a plain reading of OBRA, we hold that section 6663(b) is not retroactive to the 1978 and 1979 taxable years. Judicial and Collateral Estoppel
Petitioner next argues that the embezzlement loss was suffered in 1978 and 1979, rather than in 1980. If petitioner *176 is correct, the underpayments for 1978 and 1979 would be reduced by the amount of the embezzlement loss which, in turn, would reduce the additions to tax under section 6653(b). In , supplemented by (Arc I), revd. in part on another issue , petitioner argued that its embezzlement loss in issue here was suffered in 1980. We agreed. Petitioner now asks us to find, contrary to its own argument and our finding in Arc I, that the loss was suffered in 1978 and 1979.[4]
The doctrine of judicial estoppel is an equitable doctrine that prevents parties in subsequent proceedings from asserting positions contrary to those that they have asserted and that have been accepted by the *177 courts in prior proceedings. See . The doctrine protects the integrity of the judicial process by preventing a party from successfully asserting one position before a court and thereafter asserting a completely contradictory position before the same or another court simply because it suits the party's present interest to do so. . As recently stated by this Court, judicial estoppel "prevents parties in subsequent judicial proceedings from asserting positions contradictory to those they previously have affirmatively persuaded a court to accept." Id. Similarly, as stated by the Court of Appeals for the Second Circuit, "In general, the judicial-estoppel doctrine, where it is recognized, may prevent a party who benefits from the assertion of a certain position, from subsequently adopting a contrary position." . Petitioner provides no reason why a different result should follow in the case *178 at hand, nor does petitioner indicate any reason for its change in position other than its self-interest. No material changes in the facts or in the law have occurred since petitioner argued in Arc I for a deduction in 1980. This type of manipulation of the judicial system to suit the "exigency of the moment" is exactly what judicial estoppel is designed to prevent. See . We hold that petitioner is judicially estopped from asserting that the embezzlement loss was not reportable in 1980. [5]
Effect of Carryback on the Additions to Tax for Fraud
As stated above, petitioner *179 conceded that a portion of each of its underpayments is due to fraud. In spite of this, petitioner claims that, because of the carryback of the $ 6 million embezzlement loss, it may reduce the amount of the underpayments for 1978 and 1979, and, consequently, reduce or eliminate the related additions to tax for fraud under 6653(b). Following an appeal in Arc I, the Court of Appeals for the Second Circuit specifically stated that A taxpayer who commits a fraud in reporting taxes in one year may not, on account of a fortuitous carryback that later develops which eliminates tax liability for the same tax year, claim that the carryback wipes out the fraud as well. Once fraud is demonstrated, it is, as it were, frozen in time, unaffected by subsequent events. * * * [, revg. in part on another issue Thus, the carryback does not operate to change petitioner's liability for the additions to tax for fraud. For the foregoing reasons, we hold that petitioner is liable for the additions to tax for fraud under section 6653(b) for *180 the 1978 and 1979 taxable years. In so holding, we have considered petitioner's other arguments and find them to be without merit. To reflect concessions made by the parties, Decision will be entered under Rule 155. Footnotes
1. Rule references are to the Tax Court Rules of Practice and Procedure. Unless otherwise noted, section references are to the Internal Revenue Code in effect for the years in issue.↩
2. In addition to petitioner's concessions discussed herein, respondent conceded that a disallowed cost of goods sold item in the amount of $ 265,000 is no longer in dispute.↩
3. Sec. 7721(d) of the Omnibus Budget Reconciliation Act of 1989, Pub. L. 101-239, 103 Stat. 2106, 2400, provides that "The amendments made by this section shall apply to returns the due date for which (determined without regard to extensions) is after Dec. 31, 1989."↩
4. Petitioner has changed its position in this case in order to reduce or eliminate its underpayments in 1978 and 1979, and to avoid the related additions to tax.↩
5. We note that petitioner is also collaterally estopped from asserting this contrary position. See, e.g., ; ; .↩